BREWSTER v. DANA.

A note for W. India goods, generally not the same as a note for W. India rum and sugar particularly.

A blank indorsement, till filled up is not evidence of an assignment or warranty.

ACTION of the case, declaring that he delivered to the de-

Brewster v. Dana.

fendant who was an attorney-at-law, a certain note, given by      Parmela to Shubael Gear for £20, payable in West India goods, which was indorsed to the plaintiff and warranted by said Gear to be recoverable; that he instructed the defendant so to pursue the collection of said note, that in case the money could not be recovered of said Parmela he might have his remedy against said Gear, which the defendant engaged to do; that the defendant obtained execution against said Parmela, committed him to prison, that he took the poor prisoner's oath, and the defendant took said Parmela's note directly to the plaintiff and discharged said execution; whereby he has lost his remedy against said Gear upon the warranty, and has lost said debt said Parmela being a bankrupt.

Plea — That the defendant did not undertake and engage in manner and form as the plaintiff has alleged, etc.   Issue to the jury.

The evidence as stated and agreed to was — That about September 1786 the plaintiff sent the defendant a note to be collected on his account, of the tenor following, viz. I promise Shubael Gear to pay to him £20 lawful money worth of goods merchantable West India rum and sugar, to be delivered at Richard Spelman's, etc. on or before the 15th of June next, if not then paid to pay interest, dated 16th of February A. D. 1786, which note was indorsed Shubael Gear; that afterwards Zepheniah Swift, Esq. instructed the defendant in behalf of the plaintiff to prosecute said note in such way that in case the money should not be obtained from Parmela he might go back upon Gear, and the defendant considered himself bound to follow said instructions as attorney to the plaintiff.

The evidence was demurred to by the defendant, and the plaintiff joined in the demurrer, and the jury were discharged.

The court was of opinion that the evidence was insufficient and gave judgment that the defendant did not undertake and engage in manner and form, etc.

By the Court.   The note set forth in the declaration is for West India goods generally; the note produced in evidence is for West India rum and sugar praticularly, and a recovery

for one would be no bar to an action for the other. 2d. A blank indorsement has no certain import until filled up with something wrote over it, and is not evidence that the property of the note belonged to the plaintiff, or that said Gear had warranted it to him, which were material points in the case and which, the evidence failed essentially of proving.